**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEE BOND, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>FERGUSON ENTERPRISES, INC., a corporation, and DOES 1-50, inclusive,<br><br>        Defendants. | 1:09-cv-1662 OWW SMS<br><br>SCHEDULING CONFERENCE ORDER<br><br>Motion to Amend Complaint Filing Deadline: 7/23/10<br><br>Motion for Class Certification Filing Deadline: 9/20/10<br><br>Opposition Thereto Filing Deadline: 10/12/10<br><br>Reply Thereto Filing Deadline: 10/25/10<br><br>Motion for Class Certification Hearing Date: 11/22/10 10:00 Ctrm. 3 (extended time reserved) |

I.  Date of Scheduling Conference.

    February 11, 2010.

II. Appearances Of Counsel.

    Ackermann & Tilajef, P.C. by Craig Ackermann, Esq., and Wasserman, Comden & Casselman, L.L.P. by Melissa M. Harnett, Esq., appeared on behalf of Plaintiffs.

    Curiale Hirschfeld Kraemer, L.L.P. by Reed E. Schaper, Esq., and Kimberly G. Brener, Esq., appeared on behalf of Defendant.

III.   Summary of Pleadings.

1.   Plaintiff alleges that, over the period from four years prior to the filing of the Complaint and continuing through the present, Defendant failed to comply with California law requiring that drivers be provided timely off-duty meal periods and pay for missed, on-duty and untimely meal periods (Cal. Labor Code §§ 226.7, 512).

2.   As a result of Defendant's violations of California statutory laws, Plaintiff asserts derivative claims for penalties associated with the issuance of inaccurate pay stubs (lacking accurate information about wages earned and hours worked) (Cal. Labor Code § 226); waiting time penalties for all former drivers who did not receive all wages owed to them on separation of employment (Cal. Labor Code §§ 201-203); Unfair Competition Law claims under § 17200 of the California Business and Professions Code, based on the foregoing.

3.   Finally, Plaintiffs believe that their claims are amenable to treatment on a class-wide basis under Fed. R. of Civ. Proc. Rule 23.  Several federal district courts have recently certified similar class actions for truckers' claims under Labor Code §§ 203 and 226 and the UCL claim.  *See, e.g., Espinoza v. Domino's Pizza, LLC*, 2009 WL 882845 (C.D. Cal. 2009); *Ortega v. JB Hunt Transport, Inc.*, 2009 W.L. 1851330 (C.D. Cal. 2009).

4.   Defendant contends that it provided Plaintiff and all putative class members with timely off-duty meal periods as required by California law.  Because Defendant has complied with its statutory obligation to provide its California employees with meal periods pursuant to California Labor Code §§ 226.7 and 512,

1 | the itemized wage statements Defendant issued to Plaintiff and
2 | all putative class members were accurate and there is no
3 | violation of California Labor Code § 226.  Furthermore, because
4 | Defendant properly provided meal periods in compliance with
5 | California law, Plaintiff's unfair competition claim (pursuant to
6 | Cal. Bus. & Prof. Code § 17200) and claim for waiting time
7 | penalties, both of which are premised solely on Plaintiff's meal
8 | period violation claims, must fail.

9 |     5.   Defendant further contends that Plaintiffs' claims are
10 | inappropriate for class treatment under Federal Rule of Civil
11 | Procedure Rule 23 because highly individualized considerations
12 | predominate.  The differences between and among putative class
13 | members' working conditions require an individualized inquiry
14 | rendering class certification inappropriate in this action.  *See,*
15 | *e.g. Brown v. Federal Express Corp.*, 249 F.R.D. 580 (C.D. Cal.
16 | 2008) (denying class certification for meal and rest period
17 | claims of employee drivers); *Seymour v. McLane, Inc.*, No. EDCV-
18 | 08-07-SGL, Order Denying Motion for Class Certification (March
19 | 30, 2009) (same).

20 | **IV.  Orders Re Amendments To Pleadings.**

21 |     1.   Plaintiff will seek leave to file a First Amended
22 | Complaint in order to conform venue and jurisdictional bases of
23 | the original Complaint to federal court.  In addition, Plaintiff
24 | may seek to add a class representative and a claim for unlawful
25 | deductions from wages for meal periods never taken in violation
26 | of Cal. Labor Code §§ 1194, 1194.2.  Defendant reserves the right
27 | to oppose any motion for leave to file an Amended Complaint.
28 | Plaintiff does not presently contemplate adding any new

Defendants.

V.   Factual Summary.

   A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

      1.   Plaintiff Lee Bond was employed as a driver by Defendant and was based at Defendant's Bakersfield facility.

      2.   Defendant Ferguson Enterprises, Inc. is a corporation formed under the laws of Virginia.

   B.   Contested Facts.

      1.   All remaining facts are disputed.

VI.   Legal Issues.

   A.   Uncontested.

      1.   Jurisdiction exists under 28 U.S.C. § 1332(d)(2) and the parties invoke diversity jurisdiction because this is a putative class action with at least one putative class member who is a citizen of a state different from that of the Defendant and the amount in controversy, as alleged by Plaintiff, exceeds $5 million, exclusive of interest and costs.

      2.   Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or actions giving rise to the claims occurred in the Fresno Division of the Eastern District of California.

      3.   In this diversity action, the substantive law of the State of California provides the rule of decision.

   B.   Contested.

      1.   Whether this action is appropriately maintainable as a class action and should be so certified.

      2.   Whether this case meets the requirements for class

certification pursuant to Federal Rule of Civil Procedure Rule 23.

    3. Whether Plaintiff can establish claims set forth in the Complaint and enumerated below:

        a. Failure to provide timely off-duty meal breaks.

        b. Failure to pay for missed, untimely or on-duty meal periods.

        c. Failure to provide accurate itemized wage statements.

        d. Failure to pay wages due at time of termination.

        e. Unfair/unlawful/fraudulent business practices.

    4. Whether Defendant can establish its affirmative defenses set forth in the Answer, a subset of which are set forth below:

        a. Failure to state a claim upon which relief can be granted.

        b. Good faith; no knowing, intentional and/or willful acts.

        c. Claims barred by statute of limitations.

    5. The issue of whether Plaintiff Bond is a proper representative of the purported class.

    6. Any and all other issues of ultimate liability.

    7. The issue of whether Plaintiff suffered any damages.

    8. Any and all other issues relating to damages.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.    Discovery Plan and Cut-Off Date.

    1.    The parties have made their initial disclosures under Federal Rule of Civil Procedure 26(a)(1).

    A.    <u>Subjects of Discovery</u>.

        1.    The parties agree in principle that they will first focus on class-oriented discovery (i.e., toward determining whether certification of a class is appropriate).  It is not the parties' intent, by this paragraph, to limit any discovery to class-oriented issues alone.

        2.    The subjects of discovery will include, but are not limited to, all outstanding factual issues enumerated in the parties' pleadings.  Those issues include, but are not limited to, facts relevant to the named Plaintiff, the individuals Defendant identifies as persons most knowledgeable, a statistically relevant sample of driver information of the members of the putative class related to the issues enumerated in the parties' pleadings.

6

1  **B.  Issues About Discovery of Electronically-Stored
2      Information.**
3      1.  Counsel for both parties have discussed the
4  preservation and production of any discoverable information,
5  including electronically-stored information.  To the extent such
6  information is reasonably available, the parties may produce the
7  information in electronic format via CD Rom.
8  **C.  Claims of Privilege or Protection of Trial Preparation
9      Materials.**
10     1.  Defendant will pursue the court's grant of a
11 protective order over documents to the extent that they reveal
12 confidential, private and/or proprietary information of Defendant
13 or of third parties to which Defendant owes a duty to keep such
14 information confidential and private.  The parties agree in
15 principle that a protective order regarding the foregoing may be
16 appropriate, and further agree to properly meet and confer prior
17 to the filing of any motion for such an order.  Plaintiff,
18 however, reserves his right to object to any such motion.
19 **D.  Changes to Limitations on Discovery.**
20     1.  The parties agreed that no changes are needed to
21 the applicable federal and local rules governing civil discovery
22 in this case, except that in this putative class action, the
23 parties may need to take more than 10 depositions per side, and
24 Defendant should not be limited from taking discovery of
25 individual member(s) of the purported class; and that some
26 depositions, namely Fed. R. Civ. Proc. Rule 30(b)(6) depositions
27 may need to exceed the seven and one-half hour limitation.
28 ///

X.   Pre-Trial Motion Schedule.

    A.   Class Certification.

        1.   Plaintiff's deadline to seek leave to amend the Complaint will be July 23, 2010.

        2.   The Court sets, as the filing date for a motion for class certification, September 20, 2010.

        3.   Defendant's opposition to the motion to be filed on or before October 12, 2010.

        4.   Plaintiff's reply shall be filed on or before October 25, 2010.

        5.   The hearing on the motion for class certification is scheduled for November 22, 2010 at 10:00 a.m. in Courtroom 3. The Court reserves extended time for oral argument.

XI. Motions - Hard Copy.

    1.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XII. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.   To be determined.

XIII.   Related Matters Pending.

    1.   On December 29, 2009, a First Amended Complaint was filed in the case of *Daniel Branch v. The Plumbers Warehouse* (Case No. BC425627) in Los Angeles County Superior Court adding Ferguson Enterprises, Inc. as a Defendant.  This action is a putative class action alleging, among other things, failure to provide meal periods, failure to pay wages upon termination,

failure to keep accurate payroll records and unfair competition pursuant to Cal. Business & Prof. Code § 17200.  The proposed Plaintiff Class in this action consists of persons working in hourly positions for The Plumbers Warehouse and Ferguson Enterprises, Inc., including drivers.

XIV.  Further Scheduling.

　　1.   Following decision on class certification and class dispositive motions, the parties and the Court will schedule a Further Scheduling Conference to set a final schedule for the case.

XV.  Compliance With Federal Procedure.

　　1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVI.  Effect Of This Order.

　　1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

　　2.   Stipulations extending the deadlines contained

herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.    Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   February 12, 2010           /s/ Oliver W. Wanger
                                              UNITED STATES DISTRICT JUDGE