REED E. SCHAPER (SBN 082792)
  rschaper@chklawyers.com
KIRSTIN E. MULLER (SBN 186373)
  kmuller@chklawyers.com
KIMBERLY G. BRENER (SBN 244531)
  kbrener@chklawyers.com
CURIALE HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA  90401
Telephone:  (310) 255-0705
Facsimile:  (310) 255-0986

Attorneys for Defendant
FERGUSON ENTERPRISES, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT

| | |
|---|---|
| LEE BOND, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FERGUSON ENTERPRISES, INC., a corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 1:09-CV-01662-OWW-SKO<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Complaint Filed:  July 17, 2009 |

The parties hereto, through their respective attorneys of record provide the following stipulation regarding a Protective Order.

1.     For purposes of this Order, "Confidential Information" shall mean all items or information produced or generated during the course of discovery in this matter, whether by a party or a non-party, that the party designating the material as confidential (the "Designating Party") reasonably believes contains private, proprietary, confidential, or trade secret information of the Designating Party or of any third person or entity to which the Designating Party owes a duty of confidentiality.  "Highly Confidential Information" shall mean all items or information produced or generated during the course of discovery in this matter,

whether by a party or a non-party, that the Designating Party reasonably believes contains extremely sensitive private, confidential, and/or proprietary information, the disclosure of which, even if limited, may compromise and/or jeopardize the business or personal interests of the Designating Party or of any third person or entity to which the Designating Party owes a duty of confidentiality.  The parties agree that the individual page of a document containing the complete Social Security of any member of the putative class, or any class that may be certified, who are not named Plaintiffs, shall be "Highly Confidential Information."  Items or information may be designated as "Confidential Information" or "Highly Confidential Information" regardless of the medium or manner generated, stored, or maintained including, among other things, testimony, transcripts, discovery responses, documents, or other tangible things.  Any Designating Party shall have the right to identify and designate items or information as "Confidential Information" or "Highly Confidential Information."

2. "Confidential Information" in written or documentary form produced by the Designating Party shall be designated as "Confidential Information" by the Designating Party by marking each page of the writing or document, or each storage device containing data exchanged in electronic format, with the legend "CONFIDENTIAL."  "Confidential Information" in written or documentary form produced by a person or entity other than the Designating Party as "Confidential Information" by providing written notice to all other counsel of record in this action specifically identifying by Bates Number, Bates Number ranges, or other similarly specific description of the documents being designated.

3. "Highly Confidential Information" in written or documentary form produced by the Designating Party shall be designated as "Highly Confidential Information" by the Designating Party by marking each page of the writing or document, or each storage device containing data exchanged in electronic format, with the legend "HIGHLY CONFIDENTIAL INFORMATION."  "Highly

1  Confidential Information" in written or documentary form produced by a person or
2  entity other than the Designating Party shall be designated as "Highly Confidential
3  Information" by providing written notice to all other counsel of record in this action
4  specifically identifying by Bates Number, Bates Number ranges, or other similarly
5  specific description of the documents being designated.

6      4.     It shall be the duty of the Designating Party to inform all other parties
7  as to which materials that are not in written or documentary form are to be treated as
8  "Confidential Information" or as "Highly Confidential Information" by designating
9  the information with reasonable particularity.

10     5.     Items or information produced or generated by a non-party shall be
11 treated as "Confidential Information" for a period of ten (10) business days
12 after their production or disclosure.  If, at the conclusion of ten (10) business
13 days, no party has designated the items or information as "Confidential
14 Information" or "Highly Confidential Information," the documents or
15 information shall not be protected.  Nothing in this provision shall waive the right to
16 re-designate pursuant to Paragraph 16, below.  During the ten (10) business day
17 period, any party may request from any party a determination as to whether specific
18 items or information contain "Confidential Information."  The party to whom the
19 request is made shall respond in five (5) business days.

20     6.     Any designation of deposition testimony as "Confidential Information"
21 or "Highly Confidential Information" shall be made when the testimony is given or
22 within a reasonable time thereafter, but in no event later than thirty (30) days after
23 the delivery of the original or a copy of the transcript of such testimony to counsel
24 for all parties who requested such transcript at the time of such deposition testimony.
25 Prior to the disclosure of "Confidential Information" or "Highly Confidential
26 Information" at any deposition, the reporter recording the same shall be furnished
27 with a copy of this order and shall be informed that the testimony, exhibits, and
28 other information designated as "Confidential Information" or "Highly Confidential

CURIALE HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

Information" may be disclosed only in accordance with the terms of this Order. Any document attached to any deposition transcript previously marked as "Confidential Information" or "Highly Confidential Information" shall remain so designated whether or not so designated at deposition. Similarly, all testimony related to a document so marked shall also be treated as "Confidential Information" or "Highly Confidential Information" whether or not so designated at deposition. When transcripts of any testimony are prepared, the reporter shall conspicuously mark each page that is designated at the time of the deposition as containing "Confidential Information" or "Highly Confidential Information" with an appropriate legend signifying its confidential status and shall place the following legend on the cover of the transcript containing "Confidential Information" or "Highly Confidential Information": "This transcript contains Confidential Information and/or Highly Confidential Information subject to a Protective Order of the Court."

7. "Confidential Information" may not be disclosed to any person other than:

(a) in-house counsel, counsel of record in this litigation, and their partners, employees, including temporary or contract employees, or associates to whom such disclosure is deemed reasonably necessary by such counsel for the conduct of this litigation;

(b) court reporters and videographers while in the performance of their official duties;

(c) any party to this litigation and officers, directors, and employees, including temporary or contract employees, of a party who are assisting counsel, but only to the extent that such disclosure is deemed reasonably necessary by such counsel for the conduct of this litigation, and provided further that a party may not retain Confidential Information;

(d) independent experts and consultants retained by or associated with any party in order to assist his, her, or its counsel in the conduct of this litigation and the

employees of such independent experts and consultants.  Any disclosure pursuant to this paragraph shall be made only to the extent that the disclosure of Confidential Information is deemed reasonably necessary by the counsel who has retained the expert or consultant for performance of the expert's or consultant's work.  Any expert or consultant who receives "Confidential Information" pursuant to this paragraph may retain "Confidential Information" only as long as is necessary for the performance of his or her expert or consulting services and may use "Confidential Information" only for the purpose of providing assistance to counsel in this litigation;

(e) any other person who may be designated, whether by name or otherwise, by consent of counsel for the Designating Party or pursuant to further Order of the Court on motion of any party to this action;

(f) the Court before whom or which this litigation is pending, including any court personnel (filed under seal and subject to the terms and provisions of this Stipulation and Order);

(g) employees and former employees of the Designating Party if reasonably necessary for the purposes of the litigation, and persons who have prepared or assisted in the preparation of such documents or to whom the documents or copies thereof were addressed or delivered, but only to the extent that such disclosure is necessary for the conduct of this litigation, and provided that such persons may not retain any "Confidential Information" obtained as a result of this litigation;

(h) insurers, accountants, or auditors engaged by or associated with any party, to the extent that counsel for that party reasonably deems disclosure necessary for the business purposes of the insurer, accountant, or auditor;

(i) mediators retained by the parties to mediate this matter; and

(j) any special master or discovery referee appointed by the Court or retained by the parties.

8. "Highly Confidential Information" may not be disclosed to any person other than:

(a) in-house counsel, counsel of record in this litigation, and their partners, employees, including temporary and contract employees, or associates to whom such disclosure is reasonably deemed necessary by such counsel for the conduct of this litigation;

(b) court reporters and videographers while in the performance of their official duties;

(c) independent experts and consultants retained by or associated with any party in order to assist his, her, or its counsel in the conduct of this litigation and the employees of such independent experts and consultants. Any disclosure pursuant to this paragraph shall be made only to the extent that the disclosure of "Highly Confidential Information" is reasonably deemed necessary by the counsel who has retained the expert or consultant for performance of the expert's or consultant's work. Any expert or consultant who receives "Highly Confidential Information" pursuant to this paragraph may retain "Highly Confidential Information" only as long as is necessary for the performance of his or her expert or consulting services and may use "Highly Confidential Information" only for the purpose of providing assistance to counsel in this litigation.

(d) any other person who may be designated, whether by name or otherwise, by consent of counsel for the Designating Party or pursuant to further Order of the Court on motion of any party to this action;

(e) the Court before whom or which this litigation is pending, including any court personnel (filed under seal and subject to the terms and provisions of this Stipulation and Order);

(f) employees and former employees of the Designating Party if reasonably necessary for the purposes of litigation, and persons who have prepared or assisted in the preparation of such documents or to whom the documents or

copies thereof were addressed or delivered, but only to the extent that such disclosure is necessary for the conduct of this litigation, and provided that such persons may not retain any "Highly Confidential Information" obtained as a result of this litigation;

(g) insurers, accountants, or auditors engaged by or associated with any party, to the extent that counsel for that party reasonably deems disclosure necessary for the business purposes of the insurer, accountant, or auditor;

(h) mediators retained by the parties to mediate this matter; and

(i) any special master or discovery referee appointed by the Court or retained by the parties.

9. Prior to the disclosure of any "Confidential Information" or "Highly Confidential Information" to any person identified in paragraphs 7(b), (d), (e), (i), or (j) and 8(b), (c), (d), (h), and (i) hereof, the intended recipient of Confidential Information or Highly Confidential Information shall be furnished with a copy of this Protective Order and shall be required to certify in writing or under oath at deposition that he or she has read this Protective Order, understands it, agrees to be bound by its terms, and subjects himself or herself to the jurisdiction of the Court for the purpose of contempt proceedings in the event of any violation of this Protective Order. Counsel for the party disclosing "Confidential Information" or "Highly Confidential Information" shall maintain these written certifications.  In the event that a witness at deposition refuses to provide such certification after having been given a copy of this Protective Order and an opportunity to read the order in its entirety, and with respect to those persons identified in paragraphs 7(g) and 8(f) whether in deposition or not, disclosure of "Confidential Information" or "Highly Confidential Information" to the person may occur only after the following statement is read to the person (and if in a deposition, such reading will be on the record):  "A Protective Order has been entered by the court in this action.  You have been informed of the contents of the Protective Order.  Documents and information

designated as "Confidential Information" or "Highly Confidential Information" on their face, or if designated as such in a deposition by counsel during the course of the deposition, shall be subject to the terms of the Protective Order, and violations of the order may subject the violator to contempt proceedings or other remedies to the extent provided by law."

10. If counsel for the Disclosing Party has reason to believe that "Confidential Information" or "Highly Confidential Information" has been disclosed in violation of this Order, counsel shall advise counsel for the opposing party of the purported disclosure. Counsel will make an immediate effort to determine whether any person known to that party has disclosed "Confidential Information" or "Highly Confidential Information." If the party identifies a person or persons as having made an unauthorized disclosure, the names of that person or persons shall immediately be provided to counsel for the Designating Party. Other than identifying the person(s) who made an unauthorized disclosure, nothing in this Paragraph shall require a party to produce written certifications or identify any person who has received "Confidential Information" or "Highly Confidential Information," other than pursuant to Court Order. Nothing in this Paragraph shall preclude a party from seeking a court order compelling production of the written certifications.

11. Any party that files with the Court any documents that have been designated as "Confidential Information" or "Highly Confidential Information" shall follow the procedures set forth in Rule 5.2 of the Federal Rules of Civil Procedure and Rule 141 of the Local Rules of Eastern District of California. The parties shall treat any documents designated as "Confidential Information" or "Highly Confidential Information" as protected pursuant to the terms of this Order until such time as the Court rules on any motion or application made pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and Rule 141 of the Local Rules of Eastern District of California. Any documents produced to a party subject to this Protective

Order and containing the following information of putative class members shall be redacted to omit such information prior to being submitted to the court: home addresses, phone numbers, social security numbers, medical information, and financial information (including, without limitation, bank account numbers and bank account information). Upon approval by the Court, this Stipulation and Protective Order shall constitute an Order for Redactions pursuant to Rule 140(b) of the Local Rules of the Eastern District of California.

12.   No person shall make copies, extracts, or summaries of "Confidential Information" or "Highly Confidential Information" except when directed by counsel and when, in the judgment of counsel, such copies or other papers are reasonably necessary for the conduct of this litigation. Each copy or other paper containing "Highly Confidential Information" shall be conspicuously marked with an appropriate legend signifying its Highly Confidential status. Except for "Confidential Information" that remains in the sole possession of counsel and is not disclosed to any non-party, each copy or other paper containing "Confidential Information" shall be conspicuously marked with an appropriate legend signifying its confidential status. "Confidential Information" that is not so marked may be disclosed to a party only in the presence of and under the immediate supervision of counsel: Counsel will advise the party that the data or information is "Confidential Information" that is protected by this Stipulated Protective Order. Moreover, work product containing "Confidential Information" need not be marked with any legend unless the work product is disclosed to any person other than counsel. Counsel and all persons to whom "Confidential Information" or "Highly Confidential Information" is disclosed shall take reasonable and appropriate precautions to avoid loss or inadvertent disclosure of such material.

13.   Following any designation of a document as "Confidential Information," any party may challenge that designation by giving written notice of a challenge to the Designating Party, specifically identifying by the Bates Number,

Bates Number ranges, or other similarly specific description of the documents or other data being challenged.  The objection to the designation need not be any more specific than the designation itself, that is, if the Designating Party designates a document or other material as Confidential Information without explaining the factual or legal basis for that designation, the Receiving Party's objection need not explain the factual or legal basis for the objection.  Conversely, if the Designating Party provides a specific legal and/or factual basis for a particular document or set of documents, the Receiving Party shall provide a specific legal and/or factual basis for the objection(s).  The Designating Party shall have the burden of proving that the designated information satisfies the definition of Confidential Information set forth above, and the burden of seeking to maintain protection for the documents by filing a Motion for a Protective Order, or other appropriate request for relief within ten (10) business days following delivery of the written notice of challenge.  If the Designating Party does not file an appropriate motion within ten (10) business days following delivery of the written notice of challenge, the items or data challenged shall automatically lose its or their confidential designation in this action.  If the Designating Party files an appropriate motion within ten (10) business days following delivery of the written notice of challenge, the challenged items or data shall remain "Confidential Information" until the court rules upon the motion.

14. Following any designation of a document as "Highly Confidential Information," any party may challenge that designation by giving written notice of a challenge to the Designating Party, specifically identifying by Bates Number, Bates Number ranges, or other similarly specific description of the documents or other data being challenged.  The objection to the designation need not be any more specific than the designation itself, that is, if the Designating Party designates a document or other material as Highly Confidential Information without explaining the factual or legal basis for that designation, the Receiving Party's objection need not explain the factual or legal basis for the objection.  Conversely, if the

Designating Party provides a specific legal and/or factual basis for a particular document or set of documents, the Receiving Party shall provide a specific legal and/or factual basis for the objection(s).  The Designating Party shall have the burden of proving that the designated information satisfies the definition of Highly Confidential Information set forth above, and the burden of seeking to maintain protection for the documents by filing a Motion for a Protective Order, or other appropriate request for relief, within ten (10) business days following delivery of the written notice of challenge.  If the Designating Party does not file an appropriate motion within ten (10) business days following delivery of the written notice of challenge, the items or data challenged shall automatically be re-designated as "Confidential Information."  If the Designating Party files an appropriate motion within ten (10) business days following delivery of the written notice of challenge, the challenged items or data shall remain "Highly Confidential Information" until the court rules upon the motion.

15.   Nothing in this Protective Order shall be construed as a waiver of any party's right to object on any grounds whatsoever to any requests for discovery or as an agreement by the parties to produce any documents or to supply any information. Furthermore, a party's failure to challenge the propriety of the designation of documents or other items as Confidential or Highly Confidential Information shall not preclude subsequent challenges to the admissibility of such documents or other tangible items.  Additionally, in no event shall the production of a document or other item designated as Confidential or Highly Confidential Information be deemed a concession by the producing party as to the admissibility of such document or item. In no event shall the designation of a document or information as Confidential or Highly Confidential Information, alone, preclude its introduction or presentation as evidence at trial.

16.   Inadvertent production of any document or information without a designation as provided herein will not be deemed to waive a later claim as to its

confidential nature or stop the Designating Party from re-designating a document or information as "Confidential Information" or "Highly Confidential Information" at a later date.  For the purposes of this Order, any document or information that is subsequently designated shall be "Re-designated Material."  Disclosure of such a document or information by any party prior to such later re-designation shall not be deemed a violation of the provisions of this Protective Order; provided, however, that the party that disclosed the Re-designated Material shall promptly endeavor to procure all copies of such previously disclosed Re-designated Material from any persons known to have possession of any such previously disclosed Re-designated Material who are not entitled to receipt under the new designation under Paragraphs 7 or 8, above.  Following such re-designation, any use of "Re-designated Material" shall be governed by the terms of this Protective Order.

17.  This Protective Order shall not prevent the marking or the exhibition to a witness or the offering in evidence of any "Confidential Information" or "Highly Confidential Information" during depositions, hearings or other pretrial proceedings, at the trial, or on appeal, but no copy of any "Confidential Information" or "Highly Confidential Information" shall be retained by any such witness.  Nothing in this Protective Order shall be read to require a formal order of the Court before use of "Confidential Information" or "Highly Confidential Information", so long as its use is consistent with the terms of this Protective Order.

18.  Upon the final disposition of this action and the receipt of a written request from the attorneys for the Designating Party, all hard copies of "Confidential Information" or "Highly Confidential Information" shall be destroyed or returned to the Designating Party within sixty (60) days after the final disposition of this action.  However, counsel shall be entitled to retain all work product, regardless of whether the work product contains "Confidential Information" or "Highly Confidential Information" for a period of four (4) years following final disposition of this Action, at which time such materials shall be destroyed. Counsel

shall also be entitled to retain a single copy of any "Confidential Information" or "Highly Confidential Information" filed with the Court for a period of four (4) years following final disposition of this Action, at which time such materials shall be returned or destroyed upon request from the Designating Party.  Upon request by the Designating Party, Counsel shall promptly certify in writing to opposing counsel that all hard copies of "Confidential Information" or "Highly Confidential Information" that is required to be returned to the Designating Party or destroyed has in fact been returned or destroyed.  Prior to return or destruction, all "Confidential Information" and all "Highly Confidential Information" shall remain protected pursuant to the terms of this Protective Order.

19.     Neither "Confidential Information" nor "Highly Confidential Information" shall be used or disclosed for any purpose whatsoever except the conduct of this litigation.  However, nothing in this Protective Order shall preclude a Designating Party from using or disclosing its own documents for any purpose.  A Designating Party's use or disclosure of its own documents (even if designated by the Designating Party as "Confidential Information" or "Highly Confidential Information") for any purpose shall not constitute a waiver of the provisions or protections contained in this Stipulation and Order.  Additionally, nothing in this Stipulation and Order shall prevent or restrict counsel from rendering advice to his or her client during the course of this action, relying generally on his or her examination of items designated as "Confidential Information" or "Highly Confidential Information."

20.     If any party is notified of a subpoena, request for production, or other court process requiring production of "Confidential Information" or "Highly Confidential Information," that party will promptly provide the Designating Party with notice of the subpoena or other request.  The Designating Party shall have the burden of defending against such subpoena, process or order if it deems such action appropriate.  The party to whom the subpoena has been directed shall not produce

1  responsive documents prior to the date of production specified in the subpoena. If
2  the Designating Party has sought judicial relief, the party to whom the subpoena has
3  been directed shall not produce documents containing "Confidential Information" or
4  "Highly Confidential Information" until the Court has entered a ruling and shall,
5  thereafter, produce documents only in accordance with such ruling. Except as
6  specifically stated in this Paragraph, nothing shall prevent a party to whom a
7  subpoena has been directed from responding to the subpoena as required by law.

8      21.    In the event of a proven willful violation of this Protective Order by
9  any of the parties in this action or others to whom "Confidential Information" or
10 "Highly Confidential Information" has been provided, all parties acknowledge that
11 the offending party or persons may be subject to sanctions as determined at the
12 discretion of the Court. The Court shall retain jurisdiction of all matters pertaining
13 to this Protective Order and each person who receives "Confidential Information" or
14 "Highly Confidential Information" subject to this order. The restrictions contained
15 herein on the use or disclosure of documents designated "Confidential Information"
16 or "Highly Confidential Information" and the information contained therein shall not
17 apply to documents or information that is public knowledge or which, after
18 disclosure pursuant to this Protective Order, becomes public knowledge other than
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27
28

through an act or omission in violation of this Protective Order," or through a wrongful act of an individual under confidentiality obligations as to the document or item(s) involved.

Dated:  May 24, 2010               CURIALE HIRSCHFELD KRAEMER LLP


                                   By:  /s/ Kimberly G. Brener
                                        Reed E. Schaper
                                        Kirstin E. Muller
                                        Kimberly G. Brener
                                   Attorneys for Defendant
                                   FERGUSON ENTERPRISES, INC.

Dated:  May 24, 2010               WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, LLP


                                   By:  /s/ Melissa M. Harnett
                                        Melissa M. Harnett
                                        Gregory B. Scarlett
                                        Jesse B. Levin
                                   Attorneys for Plaintiffs

Dated:  May 24, 2010               ACKERMAN & TILAJEF, PC


                                   By:  /s/ Craig J. Ackerman
                                        Craig J. Ackerman
                                        Tatiana Hernandez
                                   Attorneys for Plaintiffs


IT IS SO ORDERED.

   Dated:  **May 26, 2010**              **/s/ Oliver W. Wanger**
                                         UNITED STATES DISTRICT JUDGE