1

2

3

4

5

6  (Attorney Information Listed on Next Page)

7

8  UNITED STATES DISTRICT COURT

9  EASTERN DISTRICT OF CALIFORNIA

10

11  LEE BOND and RICHARD JAMES
    BURKHART, individually and on behalf of
12  all others similarly situated,

13                    Plaintiffs,

14  v.

15  FERGUSON ENTERPRISES, INC., a
    corporation, and DOES 1-50, inclusive
16

17                    Defendants.

CASE NO. 1:09-CV-01662 OWW(MJS)

**REVISED ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT**

Judge: Hon. Oliver W. Wanger
Hearing Date: January 24, 2011 at 10:00 a.m.

18

19

20

21

22

23

24

25

26

27

28

PDF created with pdfFactory trial version www.pdffactory.com

**ACKERMANN & TILAJEF, P.C.**
CRAIG J. ACKERMANN (State Bar No. 229832)
cja@laborgators.com
TATIANA HERNANDEZ (State Bar No. 255322)
tatiana@laborgators.com
RACHELLE E. TSAROVSKY, (State Bar No. 248032)
1180 South Beverly Drive, Suite 610
Los Angeles, CA 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635


**WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**
MELISSA M. HARNETT, (State Bar No. 164309)
mharnett@wccelaw.com
JESSE B. LEVIN, (State Bar No. 268047)
jlevin@wccelaw.com
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, CA 91357-7033
Telephone: (818) 705-6800
Facsimile: (818) 996-8266


**ATTORNEYS FOR PLAINTIFFS**
**LEE BOND AND RICHARD JAMES BURKHART**


**CURIALE, HIRSCHFELD, KRAEMER, LLP**
REED E. SCHAPER, (State Bar No. 082792)
KIRSTIN E. MULLER, (State Bar No. 186373)
KIMBERLY G. BRENER, (State Bar No. 244531)
233 Wilshire Boulevard, Suite 600
Santa Monica, CA 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

**ATTORNEYS FOR DEFENDANT**
**FERGUSON ENTERPRISES, INC.**

PDF created with pdfFactory trial version www.pdffactory.com

On January 24, 2011, the unopposed Motion for Preliminary Approval of Class Action Settlement, filed by Plaintiffs Lee Bond and Richard James Burkhart ("Class Representatives" or "Plaintiffs") came on regularly in Courtroom 3 of the above captioned court, Hon. Oliver W. Wanger presiding, Craig J. Ackermann, Esq. of Ackermann & Tilajef, P.C. and Melissa M. Harnett, Esq. of Wasserman, Comden, Casselman & Esensten, L.L.P. appeared on behalf of Plaintiffs. Reed E. Schaper, Esq. of Curiale, Hirschfeld, Kraemer, LLP, appeared by telephone on behalf of Defendant Ferguson Enterprises, Inc. ("Ferguson" or "Defendant").

This Court having fully received and considered the Plaintiffs' notice of motion, supporting memorandum of points and authorities, declarations of Melissa M. Harnett and Craig J. Ackermann, the Settlement Agreement, the proposed Class Notice, Claim Form, Request for Exclusion, and Rescission of Request for Exclusion Forms, the oral argument presented to the Court and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class action settlement, and to conduct a fairness hearing as to good faith, fairness, adequacy, and reasonableness of any proposed settlement, and for the reasons set forth in the Court's Memorandum Decision Re Motion For Preliminary Approval of Class Action Settlement (Doc. 29) ("Court's Memorandum Decision"), granted the Motion for Preliminary Approval, subject to the parties agreeing to narrow the scope of the release and submitting a revised released and Settlement Approval Schedule to the Court within five (5) days of the issuance of the Court's Memorandum Decision.  The Parties having complied with the Court's Memorandum Decision by narrowing the scope of the release for the Class and submitting revised Class Notice and Claim Forms, the Court now HEREBY ORDERS and MAKES DETERMINATIONS as follows:

---

REVISED  ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

PDF created with pdfFactory trial version www.pdffactory.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs and their counsel filed this class action lawsuit alleging that Defendant Ferguson failed to provide timely off-duty meal periods to its California truck drivers; pay its California truck drivers for missed, on-duty and untimely meal periods; pay for all hours worked based on the application of an "automatic lunch deduction"; issue accurate itemized wage statements to California truck drivers; and pay California truck drivers all wages due to them upon termination or separation of employment. Plaintiffs also alleged on a class basis that the foregoing violated California's Unfair Competition Law, Business and Professions Code § 17200, *et seq.* Defendant filed an Answer denying these allegations.

On November 3, 2010, after a full-day mediation session, the parties reached a class settlement agreement for the disputed claims. In full settlement of the class claims that were encompassed by this case, Plaintiffs and Defendant have agreed to the entry of a Joint Stipulation of Class Action Settlement Agreement ("Settlement Agreement"), attached as Exhibit 1 to the Declaration to the Declaration of Craig J. Ackermann, filed in support of the Motion for Preliminary Approval. Defendant continues to deny all allegations contained in the original and first amended class action complaints.

Plaintiffs have moved this Court to (1) provisionally certify a settlement class; (2) preliminarily approve the Settlement Agreement; (3) direct distribution to the class of a proposed Notice of Settlement, Request for Exclusion Form, and Claim Form (collectively the proposed "Class Notice Package"); and (4) set a hearing date for final approval of the settlement. Defendant filed a statement of non-opposition to the motion and does not oppose Plaintiffs' motion for purposes of settlement but reserves all rights and defenses with respect to the litigation.

---

REVISED  ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
4

PDF created with pdfFactory trial version www.pdffactory.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND**

**APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL**

For the reasons set forth in the Court's Memorandum Decision (Doc. 29), the Court finds that

provisional certification of the following class for settlement purposes only is appropriate under

Federal Rules of Civil Procedure, Rule 23(b)(3), and related case law: all current and former

employees of Ferguson, who were based at Ferguson's California locations, and whose primary

job responsibility at any time during the period from July 17, 2005 through the date of this

Order, included delivering materials in California by driving on the road.[1]

     As discussed at length in the Court's Memorandum Decision  (Doc. 29), the Court

finds that the Settlement Class meets the numerosity requirement of Rule 23(a)(1) because it

consists of 548 class members who have been identified through Defendant's records. The

commonality requirement of Rule 23 (a)(2) is also met because there are issues of law and

fact common to the class, such as whether Defendant's automatic deduction policy was legal

in the absence of contemporaneously kept meal break records; whether Defendant's

California truck drivers were provided timely off-duty meal periods; whether Defendant

paid its California truck drivers for missed, on-duty and untimely meal periods; whether

Defendant's California truck drivers were paid for all time worked; and whether the

paystubs for all of Defendant's California truck drivers were inaccurate in stating their hours

worked based on  the application of the automatic deduction without Defendant maintaining

contemporaneous meal break records.  In the absence of class certification and settlement,

---

[1] The Settlement Class excludes drivers hired by Defendant from November 3, 2010 through the date of this Order. It also excludes 46 individuals who, prior to the filing of this lawsuit, signed release agreements as part of a severance package with Defendant.  The Settlement Class includes seven individuals who signed severance agreements after the filing of the instant lawsuit.  These seven Class Members will be entitled to remuneration under the Settlement Agreement, only to the extent that their settlement amounts exceed the amount of their severance packages, in which case they will receive the difference between their allocated settlement amount minus their prior severance payment.

PDF created with pdfFactory trial version www.pdffactory.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

each individual Settlement Class member would be forced to litigate core common issues of law and fact, including the validity of each Settlement Class member's claims that they were unlawfully denied pay for time worked based on the application of the automatic lunch deduction, they were denied timely off-duty meal periods and that they were not paid for missed, on-duty, and untimely meal periods, as required by law. Because the Plaintiffs and Settlement Class members' claims all arise from the same events and course of conduct, and are based on the same legal theories, the typicality requirement of Rule 23(a)(3) is also satisfied.  The adequacy of representation requirement set forth in Rule 23(a)(4) is also met here because the Class Representatives have the same interests as all members of the Settlement Class, and are represented by experienced and competent counsel.

Pursuant to Rule 23(b)(3), as the Court also discussed in its Memorandum Decision (Doc. 29), the Court further finds that common issues predominate over individual issues in the litigation and that class treatment is superior to other means of resolving the instant dispute. Employing the class device here will not only achieve economies of scale for Settlement Class members with relatively small individual claims, but will also conserve the resources of the judicial system by avoiding the waste and delay of repetitive proceedings, and prevent the inconsistent adjudications of similar issues and claims.

For the reasons set forth in the Court's Memorandum Decision, the Court finds that the Class Representatives, Lee Bond and Richard James Burkhart, are adequate class representatives and appoints them as such.

Pursuant to Federal Rules of Civil Procedure Rule 23(g), and for the reasons set forth in the Court's Memorandum Decision (Doc. 29), the Court finds that Plaintiffs' counsel Craig Ackermann (Ackermann & Tilajef, P.C.) and Melissa M. Harnett (Wasserman,

PDF created with pdfFactory trial version www.pdffactory.com

Comden, Casselman & Esensten L.L.P.) have adequately represented the Settlement Class and are adequate Class Counsel. Specifically, they have sufficiently identified and investigated the potential claims in this matter; have presented evidence to the court of their experience in handling other wage and hour class actions; have demonstrated knowledge of the applicable law; and have allocated sufficient resources to represent the class. Accordingly, pursuant to Rule 23(g)(1), Ackermann & Tilajef, P.C. and Wasserman, Comden, Casselman and Esensten, L.L.P. are hereby appointed as Class Counsel.

The Court recognizes that certification under this Order is for settlement purposes only, and shall not constitute or be construed as an admission by Defendant that this action is appropriate for class treatment for litigation purposes. Entry of this Order is without prejudice to the rights of Defendant to oppose certification of a class in this action, and/or to seek decertification or modification of the Settlement Class should the proposed Settlement Agreement not be granted final approval.

## PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT

The Court previously reviewed the Settlement Agreement and the proposed Class Notice, Claim Form, Request for Exclusion Form, and Rescission of Request for Exclusion Form, which were attached as exhibits A through D to the Settlement Agreement. In addition, in its Memorandum Decision (Doc. 29) and as a prerequisite to approving the settlement on a preliminary basis, the Court ordered the parties to narrow the scope of the release in this case, and further ordered the parties to submit a revised Class Notice and Claim Form with the revised release language. The Court has reviewed and approves the revised release language set forth in the parties Revised Class Notice and Revised Claim Form, attached herewith as Attachments 2 and 3, respectively.

PDF created with pdfFactory trial version www.pdffactory.com

For the reasons set forth in the Court's Memorandum Decision (Doc. 29), the Court finds, on a preliminary basis, that the Settlement Agreement falls within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. The Court also finds, on a preliminary basis, that the Settlement Agreement appears to be the product of intensive, non-collusive, arms' length negotiations between well-informed counsel, and thus presumptively valid. It appears to the Court on a preliminary basis that the maximum settlement fund amount of $2,250,000 ("Maximum Settlement Amount") is fair and reasonable to all Settlement Class members when balanced against the probable outcome of further litigation relating to liability and damages issues. It further appears that extensive and costly investigation, discovery, research and mediation have been conducted such that the parties' counsel at this time are able to reasonably evaluate their respective positions. It further appears that the settlement at this time will avoid additional substantial costs which have already been incurred by both parties, as well as avoid the delay and risks that would be presented by the further prosecution of the litigation.

For the reasons set forth in the Court's Memorandum Decision, the Court therefore preliminarily and conditionally approves the Settlement, including: (1) the proposed Enhancement Awards for Plaintiffs Lee Bond and Richard James Burkhart of $11,250 each in addition to their pro rata share of the settlement fund; (2) the proposed attorneys' fees of 30% of the Maximum Settlement Amount, plus up to $10,000 in cost reimbursements; and (3) payment of reasonable settlement administration costs (estimated at no more than $18,000) from the Maximum Settlement Amount. Pursuant to Rule 23(g)(4) and Rule 54(d)(2), Plaintiffs' counsel will be expected to file a Motion for Approval of their

---

REVISED  ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
8

PDF created with pdfFactory trial version www.pdffactory.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

attorneys' fees and costs in connection with and to be heard at the same time as the Final

Fairness Hearing regarding the settlement.

## APPROVAL OF DISTRIBUTION OF THE CLASS NOTICE

This Court finds the Revised Class Notice and Claim Form Attachments 2 and 3

herewith, and the proposed Request for Exclusion form attached to the Settlement

Agreement), fairly and adequately advise potential class members of the terms of the

proposed settlement, the formula that will be used to compute their pro rata allocation of the

settlement, and the mechanisms for the class members to challenge their pro rata allocation

of settlement, to file documentation in opposition to the proposed settlement, and to appear

at the Fairness Hearing to be conducted on the date set forth below. The Court further finds

that the Revised Class Notice and proposed distribution of such notice by first class mail to

each identified Settlement Class member at his or her last known address (with database

search and remailing of returned mail) comports with all constitutional requirements,

including those of due process and is the best notice practicable under the circumstances.

The Court confirms the selection of Simpluris, Inc., as the Settlement Administrator,

and the reasonable costs of which will be paid from the settlement fund.  Accordingly, good

cause appearing, and for the reasons set forth in the Court's Memorandum Decision,  the

Court hereby approves the proposed Class Notice and related materials for distribution,

subject to the narrowing of the release. As noted, a true and correct copy of the Revised

Class Notice with the revised release language is attached herewith at Attachment 2.

Furthermore, the Court hereby approves and adopts the following revised settlement

approval schedule:

---

REVISED  ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
9

| Date | Event |
|---|---|
| 1/24/2011 | Preliminary approval |
| 1/29/2011 | Defendant to provide to Settlement Administrator with an electronic database containing Class Member contact information and data necessary to calculate settlement shares (5 days after preliminary approval) |
| 2/14/2011 | Settlement Administrator to mail Notice Packets to all Class Members (21 days after preliminary approval) |
| 3/11/2011 | Date for Settlement Administrator to contact Class Members who have not submitted Claim Forms to remind them of the upcoming deadline |
| 3/31/2011 | Last day for Class Members to comment on or object to Settlement and mail in Claim Form or Request for Exclusion (45 days after mailing of Notice packets), other than Class Members who received a re-mailing of the Notice packets, who have 30 days |
| 4/14/2011 | Last day for Settlement Administrator to report to parties on Class Members who have elected not to participate in Settlement or who have submitted claims. |
| 4/22/2011 | Last day for Settlement Administrator to serve on the parties and file with the court preliminary statement of due diligence in complying with its obligations under the settlement (30 days before final approval hearing) |
|  | Last day for Settlement Administrator to serve on the parties and file with the court final statement of due diligence in complying with its |

PDF created with pdfFactory trial version www.pdffactory.com

| 5/18/2011 | obligations under the settlement (3 business days before final approval hearing) |
|---|---|
| 4/25/2011 | Due date for motion for final approval of settlement and plaintiff's separate motion for class representative fee and class counsel's attorneys' fees and expenses |
| 5/23/2011 | Final approval hearing |

## FINAL APPROVAL AND FAIRNESS HEARING

The Court hereby grants the Plaintiffs' motion to set a fairness hearing for final approval of the Settlement Agreement on May 23, 2011, at 10:00 a.m. in Courtroom 3 of this Court. Pursuant to Federal Rule of Civil Procedure 23(e)(5), members of the Settlement Class may object to the terms of the settlement. Members of the Settlement Class who object to the proposed settlement may appear and present such objections to the Fairness Hearing in person or by counsel, provided that any objecting Settlement Class members submit a written statement containing the name and address of the objecting Settlement Class member and the basis of that person's objections, together with a notice of the intention to appear, if appropriate, which must be postmarked no later than 45 days from the date on which the Notices are sent out by the Settlement Administrator. No person shall be heard, and no briefs or papers shall be received or considered, unless the foregoing documents have been filed and served as provided in this Order, except as this Court may permit for good cause shown. The Settlement Administrator shall serve Class Counsel and Defense Counsel with copies of all objections, Requests for Exclusion received, and claims form challenges and file them with the Court no later than 14 days (i.e., April 14, 2011) after the deadline for

---

PDF created with pdfFactory trial version www.pdffactory.com

eligible Class Members to submit claims forms, request for exclusions or objection to the settlement (i.e., March 31, 2011).

Class Counsel shall file a memorandum of points and authorities in support of the final approval of the Settlement Agreement and their request and motion for approval of the agreed upon attorneys' fees and litigation expenses no later than 28 days before the Final Approval Hearing.

Dated, _February 7, 2011       /s/ Oliver W. Wanger_____
                               HON. OLIVER W. WANGER
                               UNITED STATES DISTRICT COURT JUDGE

REVISED  ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
12

PDF created with pdfFactory trial version www.pdffactory.com