UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE BOND and RICHARD JAMES BURKHART, individually and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FERGUSON ENTERPRISES, INC., a corporation, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. 1:09-CV-01662-OWW-MJS<br><br>**CLASS ACTION**<br><br>**REVISED ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   May 23, 2011<br>Time:   10:00 a.m.<br>Crtrm.: 3<br>**Judge:  Hon. Oliver Wanger** |

Plaintiffs and their counsel filed this class action lawsuit alleging that Defendant Ferguson Enterprises, LLC ("Defendant") failed to provide a putative Class[1] of employees with timely off-duty meal periods; failed to pay premium payments for missed, on-duty and untimely meal periods; failed to pay wages due based on the application of an automatic lunch deduction that resulted in unpaid wages on days when no off-duty meal break was taken; failed to provide accurate itemized wage statements; and failed to pay all wages due upon termination or separation from employment. Plaintiffs further contended that these practices violated California Labor Code §§ 226.7, 512, 1194, and 1197. The lawsuit also seeks compensation under the California Unfair Competition Law and Business and Professions Code § 17200, *et. seq.*

On November 3, 2010, after a full-day mediation session, the parties reached a class settlement agreement for the disputed claims. In full settlement of the class claims that were encompassed by this case, Plaintiffs and Defendant have agreed to the entry of a Joint Stipulation of Class Action Settlement Agreement ("Settlement Agreement"), including any exhibits thereto.

On January 24, 2011, the Court heard Plaintiffs' Preliminary Approval Motion. On January 25, 2011, the Court issued its Memorandum Decision Re Motion for Preliminary Approval of Class Action Settlement. (Doc. 35). The Court ordered the parties to narrow the scope of the Release contained in the Settlement Agreement. (*Id*. p. 17). Following that amendment, on February 7, 2011, the Court signed the Preliminary Approval Order (Doc. 38) and certified the Class for

---

[1] The Settlement Class is defined as: All current and former employees ("Drivers") of Defendant who were based at Ferguson's California locations, and whose primary job responsibility at any time during the period from July 17, 2005 through the date of preliminary approval included delivering materials in California by driving on the road ("Class Members"). There are 553 Settlement Class Members.

purposes of settlement, approved Ackermann & Tilajef, P.C., and Wasserman, Comden, Casselman & Esensten L.L.P. as Class Counsel, approved Plaintiffs Lee Bond and Richard James Burkhart as the Class Representatives, preliminarily approved the Settlement, including the Enhancement Awards to the named Plaintiffs, and directed that the Class Notice Packet, consisting of the Notice of Settlement, Request for Exclusion, and Claim Form be mailed to the Class.  (Doc. 38).  The Court also approved payment of the claims administration costs to the Settlement Administrator, Simpluris, Inc.  (Doc. 38).

In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement Agreement and the opportunity to opt out or object to the Settlement.  Roughly two thirds of the Settlement Class or 347 Class Members submitted valid claim forms.  Only 15 Class Members submitted a timely Request for Exclusion, and only 18 Class Members submitted valid Challenge Forms to correct their number of weeks/shifts worked.  Thus, approximately two-thirds of the Class Members will receive at least 63.19% of the Net Settlement Amount that is available for distribution among the Class, which is $963,391.58 (the "Claimed Settlement Amount").  The average settlement award will be $2,776.34.  No Class Member objected to the terms of the Settlement or to the award of attorneys' fees by the March 31, 2011 deadline.

This Court having fully received and considered the Plaintiffs' Notice of Motion for Final Approval of the parties' Class Action Settlement and Motion for Attorneys' Fees and Costs in connection with Final Approval; the supporting memoranda of points and authorities; the declarations of Craig Ackermann, Esq. and Melissa Harnett, Esq.; the declarations of named plaintiffs Lee Bond and Richard James Burkhart; the declaration of the case manager Michael Bui employed by the settlement administrator; the Settlement Agreement; the Class Notice; the Challenge Form; the Request for Exclusion/Opt-Out Form; having heard the oral argument presented to the Court at the June 13, 2011 Final Approval Hearing, and for the

reasons set forth in detail in the Court's revised Memorandum Decision Re Unopposed Motion For Final Approval of Class Action Settlement and For Attorneys' Fees and Costs (Doc. 59), (the "Memorandum Decision"), it is hereby **ORDERED, ADJUDGED AND DECREED THAT**:

1. All terms used herein shall have the same meaning as defined in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including Plaintiffs and all Class Members.

3. For the reasons set forth in the Court's Memorandum Decision, this Court hereby certifies the Settlement Class for purposes of settlement, and appoints Plaintiffs Lee Bond and Richard James Burkhart as Class Representatives, and Craig Ackermann, Esq. and Ackermann & Tilajef, P.C. and Melissa Harnett, Esq. and Wasserman, Comden, Casselman & Esensten, L.L.P. as Class Counsel.

4. For purposes of this Order, the term "Settlement Class" means: "All current and former employees of Ferguson Enterprises, Inc. ('Ferguson') who were based at Ferguson's California locations, and whose primary job responsibility at any time during the period from July 17, 2005 to January 24, 2011 included delivering materials in California by driving on the road (hereinafter, a 'Driver')." Excluded from the Settlement Class are: (1) All new employees hired by Defendant for the position of Driver after November 3, 2010 (i.e., the mediation date); and (2) All Drivers who, prior to July 17, 2009 when this Lawsuit was initially filed in Superior Court, previously entered into a written severance agreement releasing all claims against Ferguson Enterprises, Inc. The "Settlement Class Period" means the period from beginning July 17, 2005 and continuing through January 24, 2011.

5. Distribution of the Notice directed to the Settlement Class as set forth in the Settlement Agreement and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including notice to all Class Members who could be identified through reasonable effort, and was the

best notice practicable under the circumstances.  This Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement and Plaintiffs' request for reasonable attorneys' fees and costs, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process.  No class members objected to the Settlement nor objected to the award of reasonable attorneys' fees and costs to Class Counsel.  Only 15 class members opted out of the Settlement, and 18 persons challenged their weeks/shifts worked. These challenges have all been resolved by the parties.

      6.    For the reasons set forth in the Court's Memorandum Decision, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, adequate and reasonable and directs the parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive arms length negotiations.  The Court further finds that the Parties have conducted extensive investigation and research and counsel for the Parties are able to reasonably evaluate their respective positions.  The Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risk that would be presented by the further prosecution of the Action.  The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes the significant value to the Settlement Class of that monetary recovery.

      7.    As discussed at length in the Court's Memorandum Decision, the Court finds and determines that the settlement is fair, adequate and reasonable, based upon the terms set forth in the Settlement Agreement, and gives final approval to the Settlement Agreement, including the Maximum Settlement Amount of $2,250,000, the Claimed Settlement Amount of $963,391.58, the attorneys' fees of $675,000 (30% of the Maximum Settlement Amount), and $10,000 for reimbursement of litigation costs incurred by Class Counsel;

8. The Court finds and determines that the Enhancement Awards of $11,250 to each of the Plaintiffs Lee Bond and Richard James Burkhart are fair and reasonable, and gives final approval to and orders payment to these individuals.

9. The Court finds and determines that payment of $18,000 from the Settlement Amount, previously paid to Simpluris, Inc. for the claims administration costs, is fair and reasonable and gives final approval to the payment made in accordance with the terms of the Settlement.

10. The Court finds that, in compliance with the provisions of 28 U.S.C. §1715(b) and (d), Defendant gave notice of this Settlement to the appropriate State and Federal officials more than 90 days prior to the Effective Date of this Order.

11. The Effective Date of this Order shall be July 22, 2011 (the 91st day after the CAFA notice was mailed out to appropriate State and Federal officials), provided that neither the Attorney General nor any other state or federal official who receives the CAFA notice files objections to the Settlement Agreement.

12. The Court finds and determines that any checks that remain un-cashed 180 days from their mailing become null and void, and the funds associated with any such un-cashed checks shall be paid to Mothers Against Drunk Driving ("M.A.D.D.").

13. Except for the 15 Class Members who opted-out, all Class Members, as of the Effective Date, are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Parties, as those terms are defined in the Settlement Agreement.

14. The Court finds that the Settlement was entered into in good faith and constitutes a fair, reasonable and adequate compromise of all of the claims covered by this litigation against Defendant.

15. Defendant shall fund the settlement within three days after the Effective Date by providing the Settlement Administrator with funds sufficient to pay all of Defendant's obligations under the Settlement Agreement, including the

Claimed Settlement Amount, the Enhancement Awards, Class Counsel's fees and litigation costs, as well as the employer's portion of the applicable payroll taxes on the portion of the Settlement awards characterized as payment for wages. 180 days after the Effective Date, and provided the Claimed Settlement Amount has been paid out in accordance with the Settlement Agreement and this Order, this Action will be dismissed with prejudice.  However, the Court will retain jurisdiction of all matters relating to the interpretation, administration, implementation, and enforcement of this Order and the Settlement Agreement for one year from the Effective Date of Settlement.

16. Nothing in this Order shall preclude any action to enforce Defendant's obligations under the Settlement Agreement or under this Order, including the requirement that Defendant make payments to the Class Members, Class Counsel and the Settlement Administrator in accordance with the terms of the Settlement Agreement and this Order.

17. After administration of the Settlement has been completed in accordance with the Settlement Agreement and all amounts calculated, and within twenty-one (21) business days of the Settlement Administrator mailing out the settlement checks and after all other payments required by the Settlement Agreement have been made, the Settlement Administrator shall file with this Court and provide to Class Counsel a declaration of payment.

18. After the declaration of payment from the Settlement Administrator has been filed and within 180 days following the Effective Date, the parties shall file a proposed Final Judgment and Dismissal with Prejudice for entry by the Court.

19.

IT IS SO ORDERED.

Dated:  **July 15, 2011**                     **/s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE

21.
22.